Gretchen M. Nelson (112566)
KREINDLER & KREINDLER LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: 213-622-6469
Telecopier: 213-622-6019
gnelson@kreindler.com

Samuel S. Deskin (216974)
DESKIN LAW FIRM
1020 Sherbourne Drive, Suite 204
Los Angeles, CA 90035
Telephone: 310-720-3634
Telecopier: 310-360-9882
ssd@deskinlawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV09-03625 GW (AGRx)

| | |
|---|---|
| ALEX CHERNY; LAURIE CHERNY, WAYNE CHANG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T Inc., a Delaware corporation; AT&T Communications of California, Inc., a California corporation; AT&T Mobility LLC, a Delaware corporation,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Alex Cherny, Laurie Cherny, Wayne Chang ("Plaintiffs"), individually and on behalf of all others similarly situated, allege by and through their attorneys, upon information and belief, as follows:

## BACKGROUND

1.      AT&T Inc. and its subsidiaries named in this Complaint (collectively "AT&T") is among things a provider of wireless services and represents to

-1-

1   customers that it provides the broadest and deepest portfolio of wireless solutions

2   for personal or business use on cellular devices such as the Blackberry and iPhone.

3   In advertising its services, AT&T reports that through its AT&T 3G network, 3G

4   speeds for supported devices deliver typical download speeds of 700 Kbps-

5   1.7Mbps and typical upload speeds of 500 Kbps-1.2Mbps.  On the AT&T Edge

6   Network, AT&T reports that customers receive the largest national high-speed

7   wireless data network with average download speeds of 70 to 135 kbps, covering

8   over 13,000 cities and towns and nearly 40,000 miles of highway in the United

9   States.

10         2.      Unfortunately for AT&T customers who purchased AT&T's service

11  and paid additional funds for network coverage, AT&T's service does not perform

12  and provide download speeds as advertised  but rather its download speeds are

13  vastly lower than represented.

14                              **FACTS**

15         3.      This class action complaint seeks to remedy the unfair, unlawful

16  and/or fraudulent conduct of the Defendants in connection with their sale of

17  wireless broadband service for use with cellular phones.  Specifically, AT&T

18  provides wireless broadband services to consumers and business entities for cellular

19  devices for a fee throughout California.

20         4.      AT&T, as part of its packages and services, aggressively markets to

21  consumers its wireless broadband service for cellular devices, which it requires that

22  customers pay monthly fees.

23         5.      The core operating purpose of the wireless broadband service is to

24  provide internet connections for cellular phones such as the Blackberry, LG,

25  Pantech, and the iPhone which permit the customer to access the internet for a

26  multiplicity of information, including but not limited to video clips, TV shows,

27  news, sports and weather information.

28         6.      AT&T aggressively markets its cellular services and competes against

-2-

1  various other providers including Verizon, Sprint & T-Mobile.  In advertising its

2  services, AT&T attempts to distinguish its services from other providers by false

3  statements regarding the speed at which it will provide downloads for internet

4  access.

5        7.      Among other things, AT&T falsely represents that:

6  **AT&T offers the nation's fastest 3G network.  3G speeds for supported**

7  **devices deliver:**

8           **Typical download speeds of 700 kbps – 1.7 Mbps**

9           **Typical upload speeds of 500 Kbps – 1.2 Mbps**

10        8.      In addition, AT&T represents that it provides further enhancements in

11  data capability over its GSM network with its EDGE Service (Enhanced Data rates

12  for GSM Evolution).  AT&T falsely advertises that the EDGE service provides

13  "typical speeds of 75 to 135 kbps," when in fact the EDGE service routinely

14  provides download speeds that are less than advertised.

15        9.      AT&T's conduct as described herein constitutes an unfair, deceptive,

16  and/or fraudulent business practice.  Through this complaint, Plaintiffs seek among

17  other things:  1) a return of subscription fees to subscribers; and 2) declaratory

18  relief in the form of an injunction preventing the Defendants from proposing to

19  perform any of the aforementioned acts of unfair, unlawful and/or fraudulent

20  business practices.

21

22  **JURISDICTION AND VENUE**

23        10.      The Court has original jurisdiction over this class action pursuant to

24  28 U.S.C. § 1332(d)(2).

25        11.      Venue in this judicial district is proper pursuant to 28 U.S.C. §

26  1391(a)(1) because AT&T, resides and/or does business in this judicial district.

27  Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part

28  of the events or omissions giving rise to the claim occurred in this judicial district.

1    12.    The members of the putative Class have suffered aggregate damages

2    exceeding $5,000,000, exclusive of interest and costs.

3                                **PARTIES**

4    **Plaintiffs**

5    13.    Plaintiff Alex Cherny is a resident of Encino, California, County of

6    Los Angeles.  In or around December 2007, Plaintiff entered into a subscription

7    agreement with AT&T for a 2-year agreement with a monthly charge for broadband

8    service for his cellular phone.  Mr. Cherny heard and saw advertisements and

9    representations from AT&T regarding its download and upload speeds and

10   reasonably relied on them.  With the expectation that AT&T's wireless broadband

11   service would fulfill its advertised fundamental purposes of typical download and

12   upload speeds, Mr. Cherny entered into a subscription for AT&T's service.

13   14.    Plaintiff Laurie Cherny is a resident of Encino, California, County of

14   Los Angeles.  In or around December 2007, Plaintiff entered into a subscription

15   agreement with AT&T for a 2-year agreement with a monthly charge for broadband

16   service for her cellular phone.  Mrs. Cherny heard and saw advertisements and

17   representations from AT&T regarding its download and upload speeds and

18   reasonably relied on them.  With the expectation that AT&T's wireless broadband

19   service would fulfill its advertised fundamental purposes of typical download and

20   upload speeds, Mrs. Cherny entered into a subscription for AT&T's service.

21   15.    Plaintiff Wayne Chang is a resident of Santa Monica, California,

22   County of Los Angeles.  In or about November 2008, Plaintiff entered into a

23   subscription agreement with AT&T for a 2-year agreement with a monthly charge

24   for broadband service for his cellular phone.  Mr. Chang heard and saw

25   advertisements and representations from AT&T regarding its download and upload

26   speeds and reasonably relied on them.  With the expectation that AT&T's wireless

27   broadband service would fulfill its advertised fundamental purposes of typical

28

-4-

1   download and upload speeds, Mr. Chang entered into a subscription for AT&T's

2   service.

3   **Defendants**

4   16.    Defendant AT&T, Inc. is a Delaware company with its principal place

5   of business located in Dallas, Texas.  AT&T, Inc. was formerly known as SBC

6   Communications Inc. (SBC), and was formed as one of several regional holding

7   companies created to hold AT&T Corp.'s local telephone companies.  On January

8   1, 1984, AT&T, Inc. was spun-off from AT&T Corp. pursuant to an anti-trust

9   consent decree, becoming an independent publicly traded telecommunications

10  services provider.  In November 2005, AT&T, Inc. changed its name from "SBC

11  Communications Inc." to "AT&T Inc."

12  17.    AT&T Communications of California, Inc. ("AT&T

13  Communications") is a California corporation and a wholly owned subsidiary of

14  AT&T, Inc.  Upon information and belief, through AT&T Communications,

15  AT&T, Inc. markets and sells wireless voice and data services to customers in

16  California.

17  18.    AT&T Mobility LLC ("AT&T Mobility") is a Delaware corporation

18  that began operations in October 2000 as a joint venture between AT&T, Inc. and

19  BellSouth.  In 2004, AT&T Mobility acquired AT&T Wireless Services, Inc.

20  Upon AT&T, Inc.'s acquisition of BellSouth Corp. in 2006, AT&T Mobility

21  became a wholly-owned subsidiary of AT&T, Inc.  Upon information and belief,

22  through AT&T Mobility, AT&T, Inc. markets and sells wireless voice and data

23  services to customers throughout the United States including California.

24  19.    The defendants identified in paragraphs 16 through 18 above are

25  referred to herein collectively as AT&T.

26  20.    AT&T represents that its Universal Mobile Telecommunications

27  System/ High-Speed Downlink Packet Access third generation (3G) network

28  technology covers most major metropolitan areas of the U.S.  AT&T further

-5-

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND DECLARATORY RELIEF

publicly represents that its technology provides superior speeds for data and video services, as well as operating efficiencies, using the same spectrum and infrastructure for voice and data on an IP-based platform.  AT&T represents that its wireless networks also rely on digital transmission technologies known as Global System for Mobile Communication, General Packet Radio Services and Enhanced Data Rates for GSM Evolution for data communications.  As of December 31, 2008, AT&T served approximately 77 million customers throughout the United States and is a leading provider of mobile wireless voice and data communications services in the United States.

21.    At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other.  At all times, each of the Defendants was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant.  Additionally, at all times herein mentioned, Defendants were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of the joint venture, partnership and common enterprise.

22.    At all times herein mentioned, Defendants were engaged in a conspiracy to commit the acts alleged herein and each of them, ratified each and every act or omission complained of herein.

## CLASS ACTION ALLEGATIONS

23.    This class action is properly brought pursuant to the provisions of California Code of Civil Procedure section 382, and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs bring this class action on behalf of themselves and all others who are similarly situated.  The proposed class that Plaintiffs seek to represent is defined as follows (the "Class"):

> All persons and entities residing in California who
> purchased a subscription from AT&T for cellular service

-6-

1    including service for broadband internet access.

2    24.    Subject to additional information obtained through further

3    investigation and discovery, the foregoing definition of the Class may be expanded

4    or narrowed by amendment or amended complaint.  Specifically excluded from the

5    proposed Class are business entities for purposes of Plaintiffs' claims for relief

6    under the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*

7    Also specifically excluded are Defendants, their officers, directors, agents, trustees,

8    parents, children, corporations, trusts, representatives, employees, principals,

9    servants, partners, joint venturers, or entities controlled by Defendants, and their

10   heirs, successors, assigns, or other persons or entities related to or affiliated with

11   Defendants and/or their officers and/or directors, or any of them; the Judge assigned

12   to this action, and any member of the Judge's immediate family.

13   25.    Though the exact number and identity of Class members is not

14   presently known, they can be identified in Defendants' records through coordinated

15   discovery pursuant to this Class action.

16   26.    There are numerous common questions of fact and law arising out of

17   Defendants' conduct.  The action focuses on the Defendants' false and misleading

18   practices associated with its lease, sale and charges for associated subscription

19   service relating to broadband internet service.

20   27.    Common questions of fact and law predominate over any questions

21   affecting only individual members of either Class.  The predominating common or

22   class-wide questions of fact include the following:

23           a.    Whether Defendants marketed, advertised, leased and sold

24                 broadband internet service to the Class using false, misleading and/or

25                 deceptive statements or representations;

26           b.    Whether Defendants knowingly marketed, advertised and sold

27                 broadband internet service with the knowledge that the service would

28                 not perform at the speeds represented in Defendants' advertising;

-7-

c.      Whether Defendants' conduct as described herein constitutes a violation of the California Consumers Legal Remedies Act;

d.      Whether Defendants' conduct as described herein constitutes a violation of California Business and Professions Code Sections 17200 and 17500 et. Seq.;

e.      Whether Defendants' actions are unconscionable;

f.      Whether the Class is entitled to restitution;

g.      Whether the Defendants' subscription contracts should be declared unenforceable; and

h.      Whether Plaintiffs and Class members are entitled to return of all fees and/or costs associated with the subscription for broadband internet service.

28.     Defendants' defenses, to the extent that any such defenses apply, are applicable generally to Plaintiffs and the Class and are not distinguishable as to proposed Class members.

29.     Plaintiffs' claims are typical of the claims of the Class members as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendants as complained of in this class action complaint.  Plaintiffs' claims are typical of the Class's because Defendants subjected all Class members to the same course of conduct.

30.     Plaintiffs, on behalf of themselves, and all others similarly situated, will fairly and adequately protect the interests of all Class members, and have retained attorneys highly experienced in the prosecution of complex consumer class action litigation.  Plaintiffs are able to fairly and adequately protect the interests of all Class members.

31.     Under the facts and circumstances alleged herein, class action proceedings are superior to any other methods available for both fair and efficient

-8-

adjudication of the rights of each Class member.  Joinder of individual Class members is not practical.  Individual litigation would be unnecessarily costly and burdensome and would deter individual claims.

32.   To process individual cases would increase both the expenses and the delay not only to Class members, but also to Defendants and the Court.  In contrast, a class action in this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.  Proof of common facts will establish the right of each Class member to recover.

33.   Without class certification, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount due to each class member makes it economically unfeasible to pursue remedies other than a class action.  Consequently, there would be a failure of justice if a class action is not permitted.

34.   Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

35.   Defendants benefited from the sale of their broadband internet service to Plaintiffs and the Class.  The benefit to Defendants can be identified from the sale of such subscription service to Plaintiffs and the Class and such monies can be restored to Plaintiffs and the Class.  Such monies are the property of the Plaintiffs and the Class.  All or a portion of this benefit retained by Defendants is money in which Plaintiffs and the Class have an ownership interest.  Plaintiffs and the Class

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND DECLARATORY  RELIEF

were injured and lost money as a direct, proximate and foreseeable result of Defendants' unfair, unlawful and/or fraudulent business practices described herein.

36.     None of the claims for relief asserted in this controversy are subject to arbitration or any valid arbitration agreement.  To the extent that Defendants assert that such claims are subject to an arbitration agreement, Plaintiffs, on behalf of themselves and the Class, seek declaratory relief in the form of a finding that such a purported agreement is void and unenforceable as against public policy and/or unconscionable.

## FIRST CLAIM FOR RELIEF

### (For Violations of the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 *et seq.*)

37.     Plaintiffs reallege and hereby incorporate all proceeding paragraphs as if they were fully set forth herein.

38.     Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770, and market and sell "goods" and "services" within the meaning of Civil Code §§ 1761(a) and (b) and 1770.

39.     Plaintiffs and the Class are consumers within the meaning of Civil Code § 1761(d).

40.     Plaintiffs' purchase of a broadband internet service marketed and sold by Defendants constitutes a transaction within the meaning of Civil Code §§ 1761(e) and 1770.

41.     Defendants' conduct violated and continues to violate the CLRA in at least the following respects:

        a.     In violation of section 1770(a)(5) of the CLRA, Defendants represented that goods or services have characteristics, uses or benefits which they do not have;

        b.     In violation of section 1770(a)(7) of the CLRA, Defendants represented that goods or services are of a particular standard, quality

-10-

or grade when they are of another;

c.     In violation of section 1770(a)(9) of the CLRA, Defendants advertised goods or services with intent not to sell them as advertised;

d.     In violation of section 1770(a)(16) of the CLRA, Defendants represented that the subject of the transaction was supplied in accordance with a previous representation when it has not.

42.     Defendants engaged in these unfair or deceptive acts and practices with the intent that they result, and which did result, in the sale of broadband internet service as well as subscription commitments and fees for Plaintiffs and the Class.

43.     In engaging in unfair or deceptive conduct in violation of the CLRA, Defendants actively concealed and failed to disclose material facts about the speed with which Defendants could provide broadband internet service for cellular devices, leading to Plaintiffs' and Class Members' purchase of the broadband service for their cellular devices, as well as contracting for two year service commitments that included monthly broadband interent service fees.  Plaintiffs and class members relied on Defendants' statements alleged in ¶¶ 6 through 8 and had Defendants disclosed the true facts regarding the speed at which wireless broadband downloads could be accomplished through AT&T's service, Plaintiffs and class members would not have purchased Defendants' service or would have paid substantially less.

44.     As a result of Defendants' acts and practices as alleged in this Complaint, Plaintiffs seek an Order enjoining Defendants from continuing to engage in unlawful, unfair and/or fraudulent business practices, and any other act prohibited by law.  Plaintiffs have provided notice to Defendants pursuant to Civil Code § 1782(a) and will amend to add claims for damages under the CLRA if Defendants do not take appropriate corrective action.

**SECOND CLAIM FOR RELIEF**

**(For Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

45.     Plaintiffs reallege and hereby incorporate all proceeding paragraphs as if they were fully set forth herein.

46.     Plaintiffs and the Class have suffered injury in fact and lost money and/or property, including but not limited to monies unlawfully, unfairly and deceptively obtained through the Defendants' sale of broadband internet service for subscription commitments with monthly service fees.  Plaintiffs have standing to pursue their claims under Business and Professions Code §§ 17203, 17205, and 17500.

47.     Defendants' actions, as alleged herein, occurred in the conduct of trade or commerce directly or indirectly affecting consumers throughout California and the United States, through their advertisements, marketing and representations concerning the speed with which it could provide broadband internet service.

48.     Defendants caused to be made or disseminated throughout California and the United States, through advertising, marketing and other publications, statements that are untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue, misleading to consumers, Plaintiffs and the Class.

49.     Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to and seek an injunction prohibiting Defendants from engaging in the acts and practices complained of, and recovery of their attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.

**THIRD CLAIM FOR RELIEF**

**(For Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

50.     Plaintiffs reallege and hereby incorporate all proceeding paragraphs as if they were fully set forth herein.

-12-

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND DECLARATORY RELIEF

51.   Defendants' acts and practices, described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the Unfair Competition Law, Business & Professions Code sections 17200 *et seq* ("UCL").

52.   The utility of Defendants' marketing and/or sale of broadband internet service for cellular devices to the public, as well as contracting for subscription commitments with monthly service fees, is significantly outweighed by the gravity of the harm they impose on Plaintiffs and the Class.  Defendants' acts and practices are oppressive, unscrupulous or substantially injurious to consumers.

53.   The above-described unfair, unlawful and/or fraudulent business practices conducted by Defendants harmed and deceived the class and continues to present a threat and likelihood of harm and deception to Class members in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful and/or fraudulent conduct upon members of the public by engaging in the conduct described herein.

54.   Defendants' acts and practices constitute unlawful business practices in violation of Business and Professions Code §§ 17200 *et seq*., because, among other things, they violate the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*., and because they violate Business & Professions Code §§ 17500 *et seq*.

55.   Plaintiffs and the Class have suffered harm as a proximate result of the wrongful conduct of the Defendants alleged herein, and therefore bring this claim for relief for restitution.  Plaintiffs are persons who purchased the Defendants' wireless internet data service, and therefore have lost money or property as a result of such unfair practices and suffered actual injury.

56.   Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiffs, on behalf of themselves and the Class, seek an order of this Court: enjoining Defendants from continuing to sell wireless internet data service to the Class that falsely represents the speed with which connections may be obtained;

-13-

1   from preventing Defendants requiring new and existing subscribers to contract for

2   subscription commitments with monthly service fees; and from continuing to

3   charge current subscribers for broadband internet service fees who have already

4   purchased Defendants' subscription plan under the circumstances described herein.

5   Plaintiffs and the Class are further entitled to, and pray for, restitution of all monies

6   paid in connection with Defendants' unconscionable practices, including, but not

7   limited to, early termination fees and all fees or costs associated with the

8   cancellation of a subscription that incorporates broadband internet service as a

9   result of an early termination.

10       57.    Plaintiffs further request an order awarding Plaintiffs and the Class

11   restitution of moneys acquired by Defendants by means of such unlawful acts and

12   practices.  Such an order would deter Defendants and rectify Defendants' unfair and

13   unlawful practices and restore any and all monies to Plaintiffs and the Class, which

14   are still retained by Defendants, plus interest and attorneys' fees and costs pursuant

15   to, *inter alia*, Code of Civil Procedure section 1021.5.

16                      **FOURTH CLAIM FOR RELIEF**

17                        **(For Unjust Enrichment)**

18       58.    Plaintiffs reallege and hereby incorporate all proceeding paragraphs as

19   if they were fully set forth herein.

20       59.    By their unlawful, unfair, deceptive, and wrongful acts and omissions,

21   Defendants were unjustly enriched at the expense of Plaintiffs and the Class, who

22   were charged fees by Defendants for wireless internet service for cellular devices

23   that the Defendants knew or should have known did not perform at the speeds

24   represented in Defendants' advertising.

25       60.    Defendants were aware and had knowledge of the benefits they

26   received as a result of their unlawful, unfair, deceptive, and wrongful acts and

27   omissions, as herein above alleged, and have enjoyed the benefit of their financial

28   gains, to the detriment and at the expense of Plaintiffs and the Class.

-14-

61.     Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

62.     Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to seek restitution from Defendants, and each of them, and an order disgorging all profits, benefits, and other compensation obtained by Defendants for their wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

1.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel of record to represent the Class;

2.     For restitution, disgorgement and/or other equitable relief as the Court deems proper;

3.     That pursuant to sections 17203 and 17204 of the Business and Professions Code, Defendants be permanently enjoined from performing or proposing to perform any of the aforementioned acts of unfair, unlawful and/or fraudulent business practices;

4.     For compensatory damages sustained by Plaintiffs and all others similarly situated as a result of Defendants' unlawful acts and conduct;

5.     For punitive damages pursuant to Civil Code § 1780(a)(4);

6.     For a permanent injunction prohibiting Defendants from engaging in the conduct and practices complained of herein;

7.     For pre-judgment and post-judgment interest;

8.    For reasonable attorneys' fees and costs of suit, including expert witness fees; and

9.    For such other and further relief as this Court may deem just and proper.

### <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury.

Dated:  May 21, 2009

> Gretchen M. Nelson (112566)
> KREINDLER & KREINDLER LLP
> 707 Wilshire Blvd., Suite 4100
> Los Angeles, CA  90017
> Telephone:  213-622-6469
> Telecopier:  213-622-6019
> gnelson@kreindler.com
>
> Samuel S. Deskin (216974)
> DESKIN LAW FIRM
> 1020 Sherbourne Drive, Suite 204
> Los Angeles, CA  90035
> Telephone:  310-720-3634
> Telecopier:  310-360-9882
> ssd@deskinlawfirm.com
>
>
> By: _____
>      Gretchen M. Nelson
> *Attorneys for Individual and Representative Plaintiffs*

-16-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 3625 GW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_]** **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_]** **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Gretchen M. Nelson (112566)
Kreindler & Kreindler LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: 213-622-6469
Telecopier: 213-622-6019

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alex Cherny; Laura Cherny; Wayne Chang, on behalf of themselves and all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> AT&T Inc., a Delaware corporation; AT&T Communications of California, Inc., a California corporation; AT&T Mobility LLC, a Delaware corp. <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV 09 - 03625   GW   (AGRx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):  <u>AT&T Inc.; AT&T Communications of California, Inc. and AT&T Mobility LLC</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  <u>Gretchen M. Nelson</u>_____, whose address is <u>Kreindler & Kreindler LLP, 707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017</u>____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **MAY 2 1 2009**_____

By: _____
     **LA'REE HORN**
     Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Alex Cherny, Laura Cherny, Wayne Chang | AT&T Inc., a Delaware corporation; AT&T Communications of California, Inc., a California corporation; AT&T Mobility LLC, a Delaware corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gretchen M. Nelson, Kreindler & Kreindler LLP<br>707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017<br>Telephone: 213-622-6469 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Jurisdiction over class action under 28 U.S.C. section 1332(d)(2); Claims brought under California statutes: Civil Code section 1750; Bus. & Prof. Code secs. 17200, 17500.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV09-03625**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Alex Cherny - Los Angeles County | |
| Laura Cherny - Los Angeles County | |
| Wayne Chang - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | AT&T Inc. - Delaware and Dallas, Texas |
| | AT&T Communications of California, Inc. - California & Bedminster, NJ |
| | AT&T Mobility, LLC - Delaware and Dallas, Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  May 21, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |